FILED
OCT 05 2026
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **JUSTIN TATUM,**<br>Plaintiff, | § | |
| | § | Civil Action No. 6:26CV488 |
| v. | § | |
| **PRICE & ASSOCIATES, PLLC,**<br>Defendant. | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Justin Tatum ("Plaintiff"), proceeding pro se, files this Original Complaint against Defendant Price & Associates, PLLC ("Price & Associates" or "Defendant"), and respectfully shows the Court as follows:

## I. PARTIES

1. Plaintiff Justin Tatum is a natural person residing in Tyler, Smith County, Texas.

2. Defendant Price & Associates, PLLC is a Texas professional limited liability company conducting business in Texas.

3. According to publicly available Texas records, Defendant maintains an address at 1100 W. Main Street, Suite 219, Tomball, Texas 77375.

4. Defendant may be served through its registered agent, Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731, or wherever it may be found.

## II. JURISDICTION AND VENUE

5. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

6. This Court has supplemental jurisdiction over Plaintiff's Texas-law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy as the TCPA claims.

7. This Court has personal jurisdiction over Defendant because Defendant is a Texas entity and directed the telephone solicitations at issue to Plaintiff in Texas.

8. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(2) because Plaintiff received the calls at issue while located in Smith County, Texas, and a substantial part of the events giving rise to the claims occurred in this District.

## III. FACTUAL ALLEGATIONS

### A. Plaintiff's Telephone Number

9. At all relevant times, Plaintiff was the subscriber and sole user of the cellular telephone number (214) 997-2985.

10. Plaintiff uses that number for personal and household purposes and not for business.

### B. The Prerecorded Solicitation Calls

11. Plaintiff never requested that Defendant contact him, had no prior attorney-client or business relationship with Defendant, and never gave Defendant or anyone acting on its behalf prior express consent, or prior express written consent, to call his cellular telephone.

12. During approximately one week in early August 2026, Plaintiff received at least six unsolicited telephone calls offering legal representation for an automobile accident.

13. The calls displayed the following caller ID numbers: (214) 785-8346, (214) 400-6303, (214) 516-7509, (214) 290-1246, (214) 687-9287, and (214) 224-6707.

14. Each call began with the same or a substantially similar artificial or prerecorded voice message.

15. The prerecorded message asked whether Plaintiff had been involved in an automobile accident and whether he had received compensation.

16. The calls were made to identify persons who could be signed as clients for automobile-accident legal representation.

17. When Plaintiff responded to the prerecorded message, he was connected to a live representative and then transferred among several intake personnel who questioned him about the accident.

18. Plaintiff stayed on the line for the sole purpose of identifying the person or entity on whose behalf the unsolicited calls were being made.

**C. The August 5, 2026 Call and Defendant's Retainer Contract**

19. On or about August 5, 2026, Plaintiff received one of the calls described above from (214) 224-6707.

20. That call lasted approximately 41 minutes.

21. Plaintiff was passed through multiple intake personnel who asked similar questions about the accident and was ultimately transferred to an individual associated with the legal-services solicitation.

22. During or immediately after that call, Plaintiff agreed to receive documentation so that he could identify the law firm for whose benefit the calls were made.

23. At approximately 12:28 p.m. that day, Plaintiff received a DocuSign text message stating that "Caleb Johnson" had sent him a document titled "Retainer Contract - Price & As…."

24. The DocuSign document identified Price & Associates as the law firm that would represent Plaintiff for the accident and stated that Plaintiff would authorize Price & Associates to represent him in matters arising from it.

25. The proposed contract provided Defendant a contingency fee of 33⅓% of any settlement or recovery, increasing to 40% if the case went to trial or appeal.

26. The economic purpose of the calls was therefore to procure Plaintiff's employment of Defendant for legal services from which Defendant stood to collect a substantial contingency fee.

27. Plaintiff did not sign or otherwise enter into the proposed contract.

28. Plaintiff's agreement to receive the DocuSign document came only after Defendant's campaign had already reached him through repeated prerecorded calls, and it did not constitute prior express consent to any of those calls.

29. The six calls were part of a single solicitation campaign that culminated in the transmission of Defendant's own retainer contract.

**D. Registration and Pre-Suit Demand**

30. Plaintiff searched the Texas Secretary of State's telephone-solicitation registration records and found no Chapter 302 registration certificate held by Defendant.

31. Defendant did not hold a registration certificate under Texas Business and Commerce Code Chapter 302 at the time of the calls.

32. Before filing suit, Plaintiff sent Defendant a written demand describing the calls and the violations alleged herein.

33. Defendant did not substantively respond to or resolve Plaintiff's demand.

**E. Defendant's Responsibility for the Calls**

34. To the extent Defendant used third-party telemarketers, lead generators, or call centers to place the calls, those persons acted as Defendant's agents in procuring prospective clients for Defendant.

35. The identities of all telemarketers, lead generators, call centers, and other persons involved in the campaign are within Defendant's possession or control and will be the subject of discovery.

## IV. CAUSES OF ACTION

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (Artificial or Prerecorded Voice Calls to a Cellular Telephone)

36. Plaintiff incorporates paragraphs 1–35.

37. Defendant, directly or through persons acting on its behalf, made or initiated at least six calls to Plaintiff's cellular telephone number using an artificial or prerecorded voice.

38. The calls were not made for emergency purposes, and Plaintiff had not given prior express consent to receive them.

39. Each call violated 47 U.S.C. § 227(b)(1)(A)(iii).

40. Under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to $500 for each violation, and up to $1,500 for each violation the Court finds was willful or knowing.

### COUNT II
### Texas Business and Commerce Code § 305.053

41. Plaintiff incorporates paragraphs 1–40.

42. Section 305.053 provides a private right of action to a person who receives a communication that violates 47 U.S.C. § 227 or a regulation adopted under it.

43. Each of the six calls violated 47 U.S.C. § 227(b)(1)(A)(iii) as alleged in Count I.

44. Plaintiff is entitled to the greater of his actual damages or $500 for each violation, and up to three times that amount for each violation committed knowingly or intentionally. Tex. Bus. & Com. Code § 305.053(b)–(c).

**COUNT III**
**Texas Business and Commerce Code §§ 302.101, 302.302, and 302.303**
**(Unregistered Telephone Solicitation)**

45. Plaintiff incorporates paragraphs 1–35.

46. Defendant is a "seller" under Chapter 302 because, through the calls, it sought to induce Plaintiff to purchase its legal services.

47. Each call was a "telephone solicitation" made to a purchaser located in Texas.

48. Section 302.101 prohibits a seller from making a telephone solicitation to a purchaser located in Texas unless the seller holds a registration certificate for the business location from which the solicitation is made.

49. Defendant held no such certificate at the time of the calls.

50. Under § 302.302(a), a person who violates Chapter 302 is subject to a civil penalty of not more than $5,000 for each violation.

51. Under § 302.303, a violation of Chapter 302 is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17, and Plaintiff may pursue the remedies available under that subchapter.

52. Defendant made at least six unregistered telephone solicitations to Plaintiff, and Plaintiff seeks up to $5,000 per violation, or up to $30,000.

**COUNT IV**
**Civil Barratry, Texas Government Code § 82.0651(c)–(d)**

53. Plaintiff incorporates paragraphs 1–35.

54. Plaintiff did not contact Defendant seeking legal representation and did not ask Defendant or anyone acting for it to call him.

55. Defendant, directly or through persons acting on its behalf, solicited Plaintiff's professional employment by regulated telephone contact concerning a specific automobile accident, for Defendant's pecuniary gain.

56. That conduct violated Texas Disciplinary Rule of Professional Conduct 7.03 and, on information and belief, Texas Penal Code § 38.12(a)–(b).

57. The solicitation culminated directly in Defendant's own contingency-fee retainer contract being sent to Plaintiff.

58. Plaintiff did not enter into the legal-services contract that resulted from the solicitation.

59. Section 82.0651(c) authorizes a person solicited through such conduct, who did not enter into a resulting contract, to sue each person who committed barratry.

60. Under § 82.0651(d), Plaintiff is entitled to recover from Defendant a $50,000 penalty, his actual damages, and reasonable and necessary attorney's fees.

## V. AGENCY AND VICARIOUS LIABILITY

61. Plaintiff incorporates paragraphs 1–60.

62. To the extent Defendant did not physically place the calls, Defendant is liable for them under federal common-law agency principles, including actual authority, apparent authority, and ratification. *In re Dish Network, LLC*, 28 FCC Rcd. 6574 (2013).

63. Defendant received the direct benefit the calls were designed to produce: a prospective client presented with Defendant's own retainer contract.

64. On information and belief, Defendant authorized, controlled, or knowingly accepted the benefits of the calling campaign that generated Plaintiff as a lead.

65. Plaintiff will seek leave to amend to add any additional responsible persons or entities identified in discovery.

## VI. DAMAGES SUMMARY

66. Plaintiff pleads the following relief in the alternative where required, without seeking duplicative recovery for the same act or practice, as provided by Tex. Gov't Code § 82.0651(f):

| Claim | Basis | Calls | Maximum |
|---|---|---|---|
| Count I | 47 U.S.C. § 227(b)(3) | 6 | $9,000 |
| Count II | Tex. Bus. & Com. Code § 305.053 | 6 | $9,000 |
| Count III | Tex. Bus. & Com. Code §§ 302.101, 302.302 | 6 | $30,000 |
| Count IV | Tex. Gov't Code § 82.0651(d) | — | $50,000 |
| **Total** | | | **$98,000** |

## VII. JURY DEMAND

67. Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Justin Tatum respectfully requests that Defendant Price & Associates, PLLC be cited to appear and answer, and that the Court enter judgment for Plaintiff awarding:

a. Statutory damages of $500 per call under 47 U.S.C. § 227(b)(3), trebled to $1,500 per call upon a finding of willful or knowing violations;

b. Damages under Tex. Bus. & Com. Code § 305.053 of $500 per violation, trebled to $1,500 per violation upon a finding of knowing or intentional violations;

c. Up to $5,000 per violation under Tex. Bus. & Com. Code § 302.302, and all remedies available through § 302.303;

d. A $50,000 penalty, actual damages, and reasonable and necessary attorney's fees under Tex. Gov't Code § 82.0651(d);

e. A permanent injunction barring Defendant and its agents from placing prerecorded or unregistered solicitation calls to Plaintiff;

f. Costs of court;

g. Pre-judgment and post-judgment interest at the maximum lawful rate; and

h. All other relief to which Plaintiff may be justly entitled.

Dated: October 4, 2026

Respectfully submitted,

Justin Tatum, Pro Se
471 Utah Avenue
Tyler, Texas 75704
(469) 901-0700
justintatum212@hotmail.com